Joseph M. Chambers (0612)
J. Brett Chambers (15106)
HARRIS, PRESTON & CHAMBERS, LLP
31 Federal Avenue
Logan, UT 84321
T: 435.752.3551
F: 435.752.3556
jchambers@utahlawfirm.com
*Attorney for Defendant Mark Thompson*

## UNITED STATES DISTRICT COURT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| PROVIDENCE CITY, a municipal corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK THOMPSON, an individual; and DOES 1-50, a group of unidentified property-interest holders,<br><br>    Defendants. | **NOTICE OF REMOVAL ACTION UNDER 28 U.S.C. § 1441(b) - TAKINGS CLAIM**<br>[Filed concurrently with Civil Cover Sheet and Notice of Interested Parties]<br><br>Case No. _____<br><br>Judge _____ |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

*Please take notice* that, pursuant to 28 U.S.C. §§ 1441 and 1446 Defendant Mark

Thompson (**"Thompson"**), hereby removes the civil eminent domain action from the First

District Court for Cache County Utah, where it is currently pending as Case No. 190100206, to

the United States District Court for the District of Utah, Northern Division.

This court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1367.

Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district in events

giving rise to the claims asserted herein occurred here as well.

## BACKGROUND

On June 14, 2019, Providence City filed an eminent domain action in the First Judicial District Court of Cache County, State of Utah. The Complaint was not formally served until July 12, 2019 when an Amended Complaint was filed July 12, 2019.  Although service of process was not made until later Defendant Thompson's counsel agreed to accept service of process of the Amended Complaint and entered his appearance on July 15, 2019.  Consequently, this removal is timely filed. See *28 U.S.C. § 1446(b)* (requiring removal within 30 days of the receipt of the initial pleading).  Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Providence City has not paid defendant Thompson just compensation for the property that it desires to take pursuant to eminent domain powers it asserts have been granted to it by the State of Utah.  Recently the United States Supreme Court announced in the case of *Knick v. Township of Scott*, No. 17-647, ___ U. S. ___ (June 21, 2019) that a taking of private property occurs at the time of the taking and that a property owner may bring a Fifth Amendment claim under§ 1983 at that time.  Here, Providence City is seeking immediate occupancy of the property without making a concurrent tender of just compensation and hence if immediate occupancy is granted Defendant Thompson will suffer a constitutional violation.

Defendant will file a copy of this Notice of Removal with the clerk of the First District Court of Cache County, State of Utah, and will serve a copy on the plaintiff, as required by 28 U.S.C. § 1446(d).

Defendant Thompson denies the allegations contained in plaintiff's complaint and files this notice of removal without waiving any defenses, objections, exceptions, or obligations that

may exist in favor of either state or federal court. In making the allegations in this notice of removal, defendant Thompson does not concede in any way that the allegations in the complaint are accurate, the plaintiff has asserted claims upon which relief can be granted, or that the recovery prayed for is authorized or appropriate.

Defendant Thompson reserves the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal of this action, Thompson expressly requests the opportunity to present such further evidence as necessary to support his position that this action is removable.

DATED: August 8, 2019.

**HARRIS, PRESTON & CHAMBERS, LLP**

/s/ Jos. M. Chambers
_____
Joseph M. Chambers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this August 9, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL ACTION UNDER 28 U.S.C. § 1441(b) - TAKINGS CLAIM** [Filed concurrently with Civil Cover Sheet and Notice of Interested Parties] was sent via the State of Utah electronic court filing system under Rule 5(b)(3)(A) and by US Mail postage paid to:

Chad L. Woolley (#9286)
Donald N. Lundwall (#14705)
Chase A. Andrizzi (#16773)
COWDELL & WOOLLEY, PC
32 East Main Street
Sandy, Utah 84070
Telephone: (801) 550-3988
chad@cwutah.com
donald@cwutah.com
chase@cwutah.com
Attorneys for the Plaintiff

/s/ Jos. M. Chambers

# Exhibit 1

Chad L. Woolley (#9286)
Donald N. Lundwall (#14705)
Chase A. Andrizzi (#16773)
**COWDELL & WOOLLEY, PC**
32 East Main Street
Sandy, Utah 84070
Telephone: (801) 550-3988
chad@cwutah.com
donald@cwutah.com
chase@cwutah.com

*Attorneys for the Plaintiff*

---

IN THE FIRST DISTRICT COURT – CACHE COUNTY DPT

CACHE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| **PROVIDENCE CITY**, a municipal corporation;<br><br>     Plaintiff,<br><br>v.<br><br>**MARK THOMPSON**, an individual; and **DOES 1-50**, a group of unidentified property-interest holders;<br><br>     Defendants. | **AMENDED COMPLAINT**<br><br>Affecting Parcel No.  02-096-0066<br><br>Civil No.  190100206<br><br>Judge Kevin K. Allen<br><br>Discovery Tier: Two |

---

PLAINTIFF, Providence City, by and through its attorneys of COWDELL & WOOLLEY,

P.C., hereby files an amended complaint to remove Cache County Assessor as a defendant in this

action and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an eminent domain action to condemn and acquire private realty (the "Subject Property") located in Providence City, Cache County, State of Utah, which property is needed to install a through street on an existing road. *See* Exhibit A for a full description of the Subject Property.

2.    This Court possesses both subject matter and original jurisdiction over the present action pursuant to UTAH CONSTITUTION art. VIII, § 5; UTAH CODE ANN. § 78A-5-102(1); and UTAH CODE ANN. § 78B-6-509(2)(a).

3.    The Court likewise has personal jurisdiction over all named Defendants in this action pursuant to UTAH CODE ANN. § 78B-6-509(2)(a).

4.    Venue is proper in this Court pursuant to UTAH CODE ANN. § 78B-3-301(1)(b) and UTAH CODE ANN. § 78B-3-307(1)(b).

## DESCRIPTION OF THE PARTIES

5.    Plaintiff Providence City (hereinafter "Providence") is a municipal corporation located in Cache County, State of Utah. Providence is, and will be at all times pertinent hereto, in charge of the public use or purpose for which the Subject Property is sought.

6.    Defendant Mark Thompson (hereinafter "Thompson") is an individual residing in Providence City, Cache County, State of Utah. Thompson owns, claims to own, possesses, or otherwise has some interest in the Subject Property.

7.    Cache County Assessor, a county government office located in the city of Logan, Cache County, State of Utah, has been removed as a defendant in this action due to the absence of any claimed lien or security interest in the Subject Property.[1]

---

[1] Upon due receipt, Plaintiff will file with the Court a declaration letter from Cache County Assessor which affirmatively disclaims any lien or security interest in the Subject Property.

8.    Defendant Does 1-50 are persons or entities not yet identified by Providence but who may own, claim to own, possess, or otherwise have an interest in the Subject Property. The true identities of Does 1-50 are presently unknown to Providence; however, if and when Providence discovers their true identities, Providence will amend this Complaint to allege and incorporate their actual names.

## FACTUAL ALLEGATIONS

9.    On August 18, 1992, Defendant Thompson conveyed and subsequently recorded a quitclaim deed of the Subject Property to himself and his wife, Gina Thompson.

10.   On information and belief, Thompson's 1992 quitclaim interest in the Subject Property was based upon a claim of adverse possession.

11.   In February 2006, Providence City Council contemplated building a through street on and near the site where the Subject Property is located.[2]

12.   On February 14, 2006, based upon public feedback expressing heightened concern over construction of a "through street," Providence City Council passed a resolution to install a cul-de-sac partly situated on the west end of Thompson's claimed interest in the Subject Property.[3]

13.   On August 22, 2006, given that residents living near and around the Subject Property dedicated at no charge to Providence sufficient land for a 50-foot-right-of-way and a 120-foot cul-de-sac, Providence City Council resolved to compensate property owners for their gratuitous dedication of land if the cul-de-sac were to become a "through street" in the future.[4]

---

[2] *See* Providence City Council Resolution 06-009.
[3] *See id.*
[4] *See* Providence City Council Resolution 06-058.

Amended Complaint: Providence v. Thompson et al.                                    Page 3 of 10

14.   On March 11, 2008, Thompson conveyed a quitclaim deed of the Subject Property to Providence with a deed restriction prohibiting use of the deeded land for road access.

15.   Thompson's presently claimed interest in the Subject Property is confined solely to the road-access deed restriction on the property (the "restriction").

16.   Providence has retained the services of a qualified appraiser to determine the fair market value of the Subject Property and Defendants' alleged interests in it, should they have any.

17.   The full fair market, fee-simple value of the Subject Property has been appraised at $60,000.00. *See* Exhibit B.

18.   The fair market value of Thompson's claimed interest in the restriction on Subject Property is estimated to be worth something far less than $60,000.00. *See* Exhibit C.

## FIRST CAUSE OF ACTION
### CONDEMNATION

19.   Providence repeats and re-alleges all of the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

20.   As a governmental entity and political subdivision of the State of Utah, Providence is duly authorized to exercise the power of eminent domain.

21.   Providence has determined that it is necessary and in the public interest to acquire the Subject Property by condemnation for the construction of a through street.

22.   Taking the Subject Property free and clear of any other interests is likewise deemed necessary for construction of the proposed through street.

23.   The exercise of eminent domain by Providence for construction of a through street is expressly approved and authorized by law.

24.  Providence intends to initiate construction of the proposed through street along the site of the Subject Property within a reasonable amount of time upon completion of this condemnation action; in fact, Providence would like to begin construction immediately.

25.  In February 2019, Providence began concerted efforts to negotiate a purchase of Defendant Thompson's claimed interest in the Subject Property.

26.  On February 14, 2019, Providence telephoned Thompson to speak with him about purchasing his claimed interest in the Subject Property.

27.  Thompson declined to discuss Providence's proposed offer and directed Providence to speak with his attorney.

28.  On February 27, 2019, Providence spoke by telephone with Thompson's attorney, Joseph M. Chambers, about the following (*See* Exhibit C):

   a.   Providence's decision to build a through street along the site of the Subject Property;

   b.   The results of a November 2017 Title Search report on the Subject Property and the purported invalidity of Thompson's March 11, 2008 quitclaim deed and road-access deed restriction;

   c.   The Subject Property's appraised value;

   d.   Providence's offer to purchase Thompson's claimed interest in the Subject Property's road-access deed restriction (assuming it is valid); and

   e.   The possibility of eminent domain proceedings involving the Subject Property and Thompson's claimed interest in the restriction.

29.   Providence offered to purchase Thompson's claimed interest in the Subject Property's road-access deed restriction for an amount between $0 and $60,000.00. *See* Exhibit C.

30.   Between February 28, 2019 and April 9, 2019, Providence attempted multiple times to communicate by telephone with Thompson's attorney but with no success.

31.   On April 10, 2019, Providence sent Thompson's attorney another letter inquiring about Providence's proposed offer to purchase Thompson's claimed interest in the Subject Property.

32.   Providence told Mr. Chambers that if it did not receive a response by April 17, 2019, it would proceed with eminent domain proceedings against the Subject Property.

33.   On April 30, 2019, Providence provided all known Subject Property interest holders with the information and disclosures required under UTAH CODE ANN. § 78B-6-505(1)(b).

34.   The information and disclosures described above were provided to Defendant Thompson on April 30, 2019, more than 30 days before the June 11, 2019 Providence City Council meeting where a vote on the proposed taking of the Subject Property occurred.

35.   On May 1, 2019, and pursuant to UTAH CODE ANN. § 78B-6-504(2)(c) & (d), Providence mailed written notice of the May 14, 2019 Providence City Council meeting to Defendant Thompson and informed him of the vote on the proposed taking of the Subject Property.

36.   The notice described above was provided at least 10 business days before the Providence City Council Meeting where the required vote was taken.

37.   On May 7, 2019, Thompson, acting through his attorney, counteroffered to sell his claimed interest in the Subject Property on two conditions: (1) compensation be given to all

property owners who gratuitously donated land to Providence for the 120-foot cul-de-sac; and (2) Providence pay Thompson $60,000.00 for removal of the road-access deed restriction.

38.   In response to Thompson's counteroffer, Providence postponed the vote on the proposed taking of the Subject Property to allow further negotiations between the City and Thompson.

39.   On June 11, 2019, and pursuant to UTAH CODE ANN. § 78B-6-504(2)(b), the Providence City Council took a vote and formally approved the proposed taking of the Subject Property.

40.   Finally, and pursuant to UTAH CODE ANN. § 78B-6-505(2), this eminent domain action is filed at least 30 days after the day (April 30, 2019) on which the required information and disclosures were provided to Defendant Thompson.

## DEFENDANTS WITH NOMINAL INTERESTS

41.   One or more of the above-described Defendants may have merely a nominal interest in the Subject Property for which no compensation is due to such defendant.

42.   In the event of a default judgment entered against any named Defendant in this suit, Providence is entitled to a final judgment of condemnation vesting in Providence any interest of that defendant in the Subject Property, and ordering that such interest is nominal for which no compensation is due.

## SECOND CAUSE OF ACTION
### QUIET TITLE AND REMOVAL OF DEED RESTRICTION

43.   Providence repeats and re-alleges all of the facts and allegations contained in the preceding paragraphs as if fully set forth herein.

44.   Pursuant to UTAH CODE ANN. § 78B-6-1301, Providence seeks to quiet title to Defendant Thompson's claimed interest in the Subject Property's road-access deed restriction.

45.   On information and belief, Thompson's claimed interest in the Subject Property is based upon an unperfected and consequently invalid claim of adverse possession.

46.   A November 2017 Title Search report on the Subject Property indicates that George D. Hoggan is the fee simple owner of Thompson's claimed interest in the Subject Property. *See* Exhibit D.

47.   On March 31, 1890, George D. Hoggan and his heirs and assigns obtained a warranty deed conveying a fee simple estate in the Subject Property.

48.   At present the true identity of the George D. Hoggan family heirs and assigns is unknown to the Plaintiff.

49.   Prior to his August 18, 1992 quitclaim deed to himself and his wife, the chain of title to the Subject Property contains no previously recorded deed conveying the property to Mark Thompson from a previous owner.

50.   The absence of this deed leads Providence to believe that Thompson's claimed interest in the Subject Property is based solely on a claim of adverse possession.

51.   If the Court finds that Thompson's apparent adverse possessory interest in the Subject Property is invalid, then the George D. Hoggan family heirs and assigns are the rightful owners of the property and Thompson's 2008 quitclaim deed to Providence and road-access deed restriction are consequently null and void.

52.   Alternatively, if the Court finds a valid basis for Thompson's claimed interest in the Subject Property, then the road-access deed restriction on the property should be removed through condemnation by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.   <u>On its First Cause of Action: Condemnation</u>, Providence requests that this Court:

    a.   Enter findings and an appropriate order of the just compensation due, if any, to the Defendants by determining their individual interests in the Subject Property and those of any other interest holders, should there be any.

    b.   Determine if any of the named Defendants hold merely a nominal interest in the Subject Property and declare that such defendants, if any, are not entitled to any compensation.

    c.   Issue a final judgment of condemnation vesting in Plaintiff all claimed interests in the Subject Property and a removal of the road-access deed restriction on the property.

2.   <u>On its Second Cause of Action: Quiet Title and Removal of Deed Restriction</u>, Providence requests that this Court:

    a.   Determine if Defendant Thompson's claimed interest in the Subject Property is based upon an unperfected and consequently invalid claim of adverse possession.

    b.   Assuming Thompson's apparent adverse possessory interest in the Subject Property is found to be invalid, issue an order declaring the George D. Hoggan family heirs and assigns as the rightful owners of the Subject Property.

    c.   Assuming the George D. Hoggan family heirs and assigns are declared to be the rightful owners of the Subject Property, issue an order declaring Thompson's 1992 and 2008 quitclaim deeds on the property to be invalid and thereby rendering his road-access deed restriction null and void.

    d.   Assuming Thompson's claimed interest in the Subject Property is invalidated and declared to be null and void, issue an order granting the Plaintiff leave to amend this Complaint for the purpose of identifying and including the George D. Hoggan family heirs and assigns.

DATED this 12th day of July, 2019.

    /s/ Chad L. Woolley
CHAD L. WOOLLEY
COWDELL & WOOLLEY, P.C.
Attorney for Plaintiff

# EXHIBIT A

Description of Subject Property



# 100 SOUTH ALTA/NSPS SURVEY

A PARCEL OF LAND LOCATED IN SOUTHWEST QUARTER OF SECTION 10, TOWNSHIP 11 NORTH, RANGE 1 EAST, SALT LAKE BASE & MERIDIAN

## TABLE A ITEMS:

1. MONUMENTS HAVE BEEN SET UNLESS EXISTING MONUMENTS WERE FOUND. SET MONUMENTS ARE 24" X 5/8" REBAR WITH A PLASTIC CAP STAMPED CRS ENGINEERS.

4. GROSS LAND AREA: 14,565 SQ FT, 0.33 AC±

8. ANY SUBSTANTIAL FEATURES OBSERVED ARE PLOTTED AS SHOWN.

11. THE LOCATION OF UTILITIES ARE PLOTTED AS SHOWN.

13. NAMES OF ADJOINING OWNERS ARE AS SHOWN HEREON.

16. THERE WAS NO EVIDENCE OF RECENT EARTH MOVING WORK OBSERVED BY THE SURVEYOR.

17. THERE ARE NO PROPOSED CHANGES IN STREET RIGHT OF WAY LINES KNOWN BY THE SURVEYOR.

## VICINITY MAP:

PROJECT LOCATION

## MONUMENT DETAIL:

PROVIDENCE CITY MONUMENT
200 WEST & 100 NORTH
P.O.B.
S 01°10'29" W
2090.23'
(BASIS OF BEARINGS)
PROVIDENCE CITY MONUMENT
200 WEST & 200 SOUTH

## LEGAL DESCRIPTION PER TITLE COMMITMENT:

BEGINNING 1.67 RODS WEST OF THE NORTHEAST CORNER OF LOT 4, BLOCK 27, PLAT "A" PROVIDENCE FARM SURVEY AND RUNNING THENCE WEST 53.5 RODS; THENCE SOUTH 1 ROD; THENCE EAST 53.5 RODS; THENCE NORTH 1 ROD TO BEGINNING.

## SCHEDULE B EXCEPTIONS:

1. - 12. NOT PLOTTED. NOT RELATED TO SURVEY.

13. QUIT CLAIM DEED
BOOK / PAGE: 534 / 63
ENTRY NO: 562679
DATE: AUGUST 18, 1992 (NOT PLOTTED, ENTIRE PARCEL)

14. QUIT CLAIM DEED
BOOK / PAGE: 1507 / 201
ENTRY NO: 966628
DATE: MARCH 11, 2008 (NOT PLOTTED, ENTIRE PARCEL)

15. DEED RESTRICTION
BOOK / PAGE: 1507 / 201
ENTRY NO: 966628
DATE: MARCH 11, 2008 (NOT PLOTTED, ENTIRE PARCEL)

16. PUBLIC UTILITY EASEMENT DEED
BOOK / PAGE: 1550 / 1642
ENTRY NO: 988512
DATE: JANUARY 28, 2009 (PLOTTED AS SHOWN)

## AS SURVEYED DESCRIPTION:

A PART OF THE SOUTHWEST QUARTER OF SECTION 10, TOWNSHIP 11 NORTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN, BEING ALSO PART OF LOTS 4 AND 5, BLOCK 27, PLAT "A" OF THE PROVIDENCE FARM SURVEY, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT WHICH IS LOCATED SOUTH 45°31'46" WEST, 1923.79' FROM AN EXISTING STREET MONUMENT AT THE INTERSECTION OF 100 NORTH STREET AND 200 WEST STREET; THENCE SOUTH 1°19'20" WEST, A DISTANCE OF 16.50 FEET; THENCE NORTH 88°40'40" WEST, A DISTANCE OF 882.75 FEET; THENCE NORTH 1°19'20" EAST, A DISTANCE OF 16.50 FEET; THENCE SOUTH 88°40'40" EAST, A DISTANCE OF 882.75 FEET TO THE POINT OF BEGINNING. CONTAINING 0.33 ACRES

## SURVEY CERTIFICATE:

TO: PROVIDENCE CITY

THIS SURVEY IS TO CERTIFY THAT THIS MAP OR PLAT AND THE SURVEY ON WHICH IT IS BASED WERE MADE IN ACCORDANCE WITH THE 2016 MINIMUM STANDARD DETAIL REQUIREMENTS FOR ALTA/NSPS LAND TITLE SURVEYS, JOINTLY ESTABLISHED AND ADOPTED BY ALTA AND NSPS, AND INCLUDES ITEMS 1, 4, 8, 11, 13, 16, AND 17 OF TABLE A THEREOF. THE FIELD WORK WAS COMPLETED ON SEPTEMBER 12, 2018.

PARCEL ID: 02-096-0093
PROVIDENCE CITY CORP
PARCEL ID: 02-096-0010
FAYE TR ALLEN
PARCEL ID: 02-096-0085
PROVIDENCE CITY CORP
PARCEL ID: 02-294-COMM
PROVIDENCE GATEWAY
S 88°40'40" E 882.75'
N 88°40'40" W 882.75'
PARCEL 02-096-0066
0.33 ACRES
P.O.B. SEE MONUMENT DETAIL
PARCEL ID: 02-096-0011
STEVEN R & TERRI MISENER
PARCEL ID: 02-096-0089
PROVIDENCE CORNER LLC
EXCEPTION NUMBER 16
PARCEL ID: 02-096-0088
PROVIDENCE CITY CORP
PARCEL ID: 02-096-0002
PROVIDENCE CITY CORP
N 01°19'20" E
16.50'

## LEGEND:

| | |
|---|---|
| PROPERTY BOUNDARY | LIGHT POLE |
| LOT LINE | ELECTRIC POWER POLE |
| EASEMENT LINE | GUY WIRE |
| CHAIN LINK FENCE | ELECTRIC JUNCTION BOX |
| OVERHEAD POWER LINE | FIRE HYDRANT |
| SANITARY SEWER LINE | WATER METER |
| STORM DRAIN LINE | WATER VALVE |
| WATER LINE | CATCH BOX |
| EDGE OF DIRT ROAD | STORM SEWER MANHOLE |
| SIDEWALK | SANITARY SEWER MANHOLE |
| CURB AND GUTTER | TELEPHONE PEDESTAL |
| CONCRETE WALL | SIGN |
| | REBAR WITH CAP |
| | SURVEY CONTROL POINT |

## SURVEY NOTES:

1. THIS SURVEY WAS MADE AT THE REQUEST OF PROVIDENCE CITY FOR THE PURPOSE OF PROVIDING AN ALTA/NSPS LAND TITLE SURVEY AND CERTIFICATION TO THE PARCEL OF LAND SHOWN HEREON AND DESCRIBED IN A TITLE COMMITMENT PREPARED BY THE OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, FILE NUMBER: 00055140, EFFECTIVE DATE: NOVEMBER 7, 2017 AT 8:00 AM.

2. IN ADDITION TO THE STANDARD ALTA/NSPS LAND TITLE SURVEY REQUIREMENTS, THE FOLLOWING ITEMS FROM TABLE A HAVE BEEN REPRESENTED HEREON: 1, 4, 8, 11, 13, 16, AND 17.

3. THE BASIS OF BEARING FOR LINES SHOWN ON THIS SURVEY IS SOUTH 01°10'29" WEST, 2090.23 FEET, AS MEASURED BETWEEN THE PROVIDENCE CITY CENTERLINE MONUMENT AT THE INTERSECTION OF 200 WEST AND 100 NORTH, AND THE PROVIDENCE CITY CENTERLINE MONUMENT AT THE INTERSECTION OF 200 WEST AND 200 SOUTH.

4. DEEDS AND PLATS OF RECORD HAVE BEEN ROTATED TO MATCH THE AFOREMENTIONED BASIS OF BEARING.

5. THIS DRAWING, ITS DESIGN, AND INVENTION THEREOF, IS THE PROPERTY OF CRS ENGINEERS AND IS SUBMITTED TO, AND IS FOR THE EXCLUSIVE USE OF, THE CLIENT REFERENCED ON THE SURVEY. ONLY COPIES AUTHORIZED IN WRITING AND INDIVIDUALLY SIGNED AND SEALED BY THE SURVEYOR MAY BE USED AS THE OFFICIAL WORK OF THE SURVEYOR.

6. THIS DRAWING AND ANY COPY THEREOF MAY NOT BE RELIED UPON FOR ANY PURPOSE, BY ANY PARTY, EXCEPT FOR THOSE PARTIES THAT THIS DRAWING IS CERTIFIED TO.

7. THIS DRAWING AND ANY COPY THEREOF MAY ALSO NOT BE RELIED UPON FOR ANY PURPOSE UNDER ANY OF THE FOLLOWING CONDITIONS:
7.1 ORIGINAL AND ANY COPIES NOT INDIVIDUALLY SIGNED AND SEALED BY THE SURVEYOR.
7.2 DEPENDENT MONUMENTS AND DATA SET, OR WORK PUBLISHED BY OTHERS AND USED BY THE SURVEYOR ARE SUBSEQUENTLY FOUND TO BE IN ERROR.
7.3 IMPROVEMENTS SHOWN HAVE BEEN ALTERED, CHANGED, OR ADDED TO SUBSEQUENT TO THE SURVEY.

**PRELIMINARY**

**NOT FOR CONSTRUCTION**

RECORD OF REVISIONS

IF THE ABOVE SCALE BAR DOES NOT MEASURE 1-INCH IN LENGTH, DO NOT USE THIS DRAWING FOR SCALING PURPOSES. DIMENSIONS AND MEASUREMENTS SPECIFIED IN THE DRAWING TAKE PRECEDENCE TO SCALED MEASUREMENTS.

THE INFORMATION CONTAINED IN THIS DRAWING IS THE PROPERTY OF CRS ENGINEERS AND IS NOT TO BE REPRODUCED, MODIFIED OR USED FOR ANY OTHER PROJECT OR EXTENSION OF THIS PROJECT EXCEPT BY AGREEMENT WITH CRS ENGINEERS.

| | |
|---|---|
| PRINCIPAL | M. HIRST |
| PROJECT MANAGER | M. PIERCE |
| CHECKED BY | J. NIELSEN |
| DRAWN BY | J. MANGUM |
| DRAWING SCALE | AS SHOWN |
| ISSUE DATE | OCTOBER 11, 2018 |

CRS ENGINEERS
Answers to Infrastructure®
4246 S Riverboat Rd, Ste 200 | Salt Lake City, UT 84123 | P: 801.359.5565 | www.crsengineers.com

PROVIDENCE CITY
100 SOUTH ALTA/NSPS SURVEY
LOCATED IN THE SOUTHWEST QUARTER OF SECTION 10
TOWHNSHIP 11 NORTH, RANGE 1 EAST,
SALT LAKE BASE & MERIDIAN
100 SOUTH GATEWAY DRIVE PROVIDENCE, UTAH

STAMP

PROJECT NUMBER 18004L.07
SHEET 1 OF 1
SHEET NUMBER 1

File Path:P:\18004L.07 Providence-100 South Road Improvements\Drawings\XREF'S\XR-V-EX-BOUNDARY.dwg Oct 11, 2018 - 8:30am



DEDICATION PLAT

100 SOUTH STREET
FROM S.R. 165 TO 200 WEST ST.
PROVIDENCE, UTAH

Skyline A/E/S, INC.

# EXHIBIT B

Subject Property Appraisal

***SINGLETON & COMPANY***
**REAL ESTATE APPRAISING & CONSULTING**
**BOX 37, PROVIDENCE, UT, 84332**

February 12, 2019

Providence City
15 South Main
Logan, Utah 84332

Att:  John Drew, Mayor

Dear Mayor Drew

At the request of Scarlet Bankhead on behalf of Providence City, I have prepared the attached appraisal of a 16.5 foot wide land parcel that is part of the south portion of the developed road identified as 100 South.  The land strip extends from 400 West to approximately 510 West in Providence City.  The land has a total area of 14,565 square feet equating to 0.334 acres.

I inspected the property on January 4, 2019 and have gathered the market data and completed the analysis necessary to estimate the market value of the fee simple estate of the subject property.

The appraisal is intended to conform to the Uniform Standards of Professional Appraisal Practice (USPAP) and with the Standards and Code of Professional Ethics of the Appraisal Institute.  The appraisal will be used by Providence City officials and their attorneys as a basis of determining the land's market value.

All applicable methods of valuation were completed for the appraisal report and it is written in a narrative format.  Because the land is part of the improved 100 South right-of-way the appraisal is made subject to Hypothetical Conditions.  These are described on Page 5 of the appraisal report.

Based on my investigation and analysis, it is my opinion that the market value of the fee simple interest in the office property as of January 4, 2019 is:

<div align="center">

***SIXTY THOUSAND DOLLARS***
***($60,000.00)***

</div>

The following report contains, in part, the data and analysis on which the value estimate is based.  Your attention is called to the section found in the addendum entitled "limiting conditions" as it sets forth the general conditions and assumptions upon which the value estimate is made.

Respectfully submitted,

Thomas D. Singleton, MAI

---

***Thomas D. Singleton, MAI***                    **Phone:  (435)752-7290**

# CERTIFICATION

I do hereby certify that upon request by Scarlet Bankhead for and in behalf of city officials in Providence City, I have completed an appraisal of a narrow strip of land with 0.334 acres in Providence Utah.   I certify that to the best of my knowledge and belief:

1. The statements of fact contained in this report are true and correct.
2. The reported analysis, opinions and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions and conclusions.
3. I have no present or prospective interest in the property that is the subject of this appraisal report. I have no personal interest or bias with respect to the parties involved.
4. I have not provided services as an appraiser or in any other capacity on this property in the last 3 years.  I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
6. My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
7. The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
8. The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Code of Professional Ethics and Standards of Professional Appraisal Practice of the Appraisal Institute.
9. I have made a personal inspection of the property that is the subject of this report.
10. No one provided significant real property appraisal assistance to the persons signing this report except as noted.
11. The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.
12. As of the date of this report, Thomas D. Singleton has completed the continuing education program of the Appraisal Institute.
13. My state (Utah/Idaho) appraisal certification/registration has not been revoked, suspended, canceled, or restricted.

February 12, 2019

Thomas D. Singleton, MAI

Idaho State -Certified General Appraiser
CGA 236-CG00 expires 6/30/19

# EXHIBIT C

Letter to Opposing Counsel



Chase Andrizzi
Sasha Brown
Michael K. Green
David S. Lassetter

Tracy S. Cowdell

Chad L. Woolley

Niel H. Lund
Brian G. Page
Stephanie A. Shelman
Casey L. Taylor

**COWDELL WOOLLEY**

ATTORNEYS AT LAW

32 E. Main Street | Sandy, Utah 84070 | Phone 801.550.3988 | Fax 800.388.7054

June 14, 2019

Joseph M. Chambers
Harris, Preston & Chambers Llp
31 Federal Avenue
Logan, UT  84321
Phone: (435) 752-3551
Fax: (435) 752-3556
jchambers@utahlawfirm.com

Re:  Mark Thompson and Property on 100 South

Dear Mr. Chambers:

It was nice to have a conversation with you today on the phone.  I appreciate you getting back to me.  This letter is a brief follow up to our conversation.  Providence City is interested in moving forward with the build out of 100 South, so the sooner we hear back from you, the better.

The facts and issues as the City sees them:
- Providence City is going to build 100 South through from Gateway Drive to 200 East.
- Our Title Report shows George Hogan as the owner of the strip in question, with the deeds that your client has recorded subsequently (effectively clouding the title).
- Your client, Mr. Thompson, purports to have owned the property before deeding it over to the City with the restriction.
    - Two Scenarios are reasonably plausible.
        1. Providence City owns the property subject to the restriction (assuming the restriction is legal and can be enforced), or
        2. George Hogan's heir(s) own(s) the property.
    - Either way the City sees no other option than to clear title to the property through an Eminent Domain action.
    - If your client did take legal ownership of the property, then at some point there will have to be a legal order to that effect.  The City cannot simply ignore the possibility that a Hogan heir might turn up and claim ownership.
- The property has appraised for a Fee Simple Estate at 14,565 SF property (0.334 acres) at $4.20 per square foot equating to $60,000
    - The Appraisal was performed by Tom Singleton in Logan.



- o The appraisal was "as if" the land was not under a road (the land really is currently under a road and cannot be used for any practical purpose, so our assertion is that the actual value of the land is something less than appraised.)
- o We asked that the appraisal be done in this manner, so as to find the highest amount that it could reasonably be worth.
- Mr. Thompson's legal claim to the strip of property is tenuous, at best
  - o If he did adversely possess it, or receive it through boundary by acquiescence, there is no record in the courts that we have been able to find.
  - o If Mr. Thompson did actually take legal possession, a judge would have to at some point rule that that is the case to allow the City to rely on the chain of ownership from Hogan to Mr. Thompson to Providence City.
  - o In an Eminent Domain action, Mr. Thompson's only claim to fair compensation would be the amount that the restriction is worth; Arguably, the restriction is not worth the full value of a Fee Simple estate, since Providence actually owns the land subject to any enforceable/legal restriction.

Questions for Mr. Thompson:
1. Is there a number in the $0 to $60,000.00[1] range that your client would accept from Providence City to release the restriction?  If the answer to this is "no", then it doesn't seem reasonable to continue any further negotiations.
   a. If this were an option, as part of any agreement, the City would ask that Mr. Thompson indemnify the City against any claims from Hogan's heirs.
2. I know you didn't particularly like the way I approached you with question number 1 on the phone.  In the alternative, is Mr. Thompson willing to sell/release the restriction for any amount of money?  If so, how much?

   Again, thank you for your time today.  As I mentioned earlier, the sooner we get a response, the better from our perspective.  We are also willing to sit down and have a discussion if you and Mr. Thompson feel that it would be worthwhile.  I'll assume that your client isn't interested in continued discussions if I haven't heard back from you by March 11, 2019.

---

[1] As we discussed on the phone, I know that at least 2 Council members would offer $10k toward a resolution and I would strongly advise them to make that deal.  One council member is adamant that the most the City should pay is the amount that Mr. Thompson can show that he spent on acquiring the property (ie. paid property taxes and perhaps recording fees for the deeds, etc.)



      My cell phone number is 801-550-3988 and my email is <u>chad@cwutah.com</u>.  Please feel free to contact me with any questions or concerns.


                Respectfully Submitted,

                COWDELL & WOOLLEY, P.C.

                Chad L. Woolley
                Attorney at Law

CLW/bms

# EXHIBIT D

Title Search on Subject Property



**Schedule A**

*SEARCH ONLY*

File No. **00055140**

1. Effective date: **November 7, 2017** at **8:00 am**

2. Policy or Policies to be issued:

         Amount
   $

   a.

      Proposed Insured:

   b.                                 $

      Proposed Insured:

3. The estate or interest in the land described or referred to in this Commitment is **Fee Simple**.

4. Title to the Fee Simple estate or interest in the land is at the Effective Date vested in:

   **George D. Hoggan**

5. The land referred to in this Commitment is described as follows:

   **See continuation of Schedule A for Legal Description**

   For informational purposes only:
   **Providence, UT 84332**

Countersigned:
CACHE TITLE COMPANY, INC.

By: _____
    *Authorized Officer or Agent*

**ORT Form 4308**
Schedule A
ALTA Commitment for Title Insurance 6/06

## Schedule A
*(continued)*

File No. **00055140**

LEGAL DESCRIPTION

Beginning 1.67 rods West of the Northeast corner of Lot 4, Block 27, Plat "A" PROVIDENCE FARM SURVEY and running thence West 53.5 rods; thence South 1 rod; thence East 53.5 rods; thence North 1 rod to beginning.

Part of Tax Parcel No. 02-096-0066

**ORT Form 4308**
Schedule A
ALTA Commitment for Title Insurance 6/06

Chad L. Woolley (#9286)
Donald N. Lundwall (#14705)
Chase A. Andrizzi (#16773)
**COWDELL & WOOLLEY, PC**
32 East Main Street
Sandy, Utah 84070
Telephone: (801) 550-3988
chad@cwutah.com
donald@cwutah.com
chase@cwutah.com

*Attorneys for the Plaintiff*

---

IN THE FIRST DISTRICT COURT – CACHE COUNTY DPT

CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| **PROVIDENCE CITY**, a municipal corporation;<br><br>　　　　Plaintiff,<br><br>v.<br><br>**MARK THOMPSON**, an individual; and **DOES 1-50**, a group of unidentified property-interest holders;<br><br>　　　　Defendants. | **AMENDED COMPLAINT SUMMONS**<br><br>Civil No.  190100206<br><br>Judge Kevin K. Allen |

**THE STATE OF UTAH TO:**　　MARK THOMPSON
　　　　　　　　　　　　　　　　7100 South 4400 West
　　　　　　　　　　　　　　　　Wellsville, UT 84339

You are hereby summoned and required to answer the attached amended complaint.

Within 21 days after service of this summons you must file your written answer with the clerk of

the court at the following address: 135 North 100 West, Logan, UT 84321. You must also mail

or deliver a copy to Plaintiff's attorney, Chad L. Woolley, at the address listed above. If you fail

to do so, judgment by default may be taken against you for the relief demanded in the amended complaint. The amended complaint has already been filed in this matter and is currently being kept by the clerk of the court.

DATED this 15th day of July, 2019.

/s/ Chad L. Woolley
CHAD L. WOOLLEY
Attorney for Plaintiff

Chad L. Woolley (Utah Bar #9286)
Donald N. Lundwall (Utah Bar #14705)
Chase A. Andrizzi (Utah Bar #16773)
**COWDELL & WOOLLEY, PC**
32 East Main Street
Sandy, Utah 84070
Telephone: (801) 550-3988
chad@cwutah.com
donald@cwutah.com
chase@cwutah.com

*Attorneys for the Plaintiff*

IN THE FIRST DISTRICT COURT – CACHE COUNTY DPT

CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| **PROVIDENCE CITY**, a municipal corporation;<br><br>      Plaintiff,<br><br>v.<br><br>**MARK THOMPSON**, an individual; and **DOES 1-50**, a group of unidentified property-interest holders;<br><br>      Defendants. | **STIPULATED<br>PROOF OF SERVICE**<br><br>Civil No.  190100206<br><br>Judge Kevin K. Allen |

      Plaintiff, by and through its counsel of record, hereby submits proof of completed service of the Amended Complaint and Summons in the above-captioned matter. Counsel for Defendant has agreed to accept electronic service of the documents described above and hereby acknowledges receipt of such documents as being served on July 15, 2019.

      DATED this 15th day of June, 2019.

_/s/ Chad L. Woolley_
CHAD L. WOOLLEY
Attorney for Plaintiff

I hereby acknowledge that on July 15, 2019 I received electronic copies of the Amended Complaint and Summons for the above-captioned matter.

_/s/_
JOSEPH M. CHAMBERS
Counsel for Defendant Mark Thompson

_(signature used by Chad L. Woolley with permission of Joseph M. Chambers)_

<u>**CERTIFICATE OF DELIVERY**</u>

I hereby certify that on July 15, 2019 a true and correct copy of the foregoing **PROOF**

**OF SERVICE** was delivered via email to the following:

JOSEPH M. CHAMBERS
Attorney for Defendant Mark Thompson
jchambers@utahlawfirm.com

*/s/ Chad L. Woolley*
CHAD L. WOOLLEY
Attorney for Plaintiff