IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PROVIDENCE CITY, a municipal corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARK THOMPSON, an individual; et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:19-cv-88<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Providence City initiated this eminent domain action against Defendant Mark Thompson in the First Judicial District Court for Cache County, Utah.[1] Thompson removed the action to this court on the grounds that Providence City is taking his property without just compensation.[2] Before the court is Providence City's Motion to Remand.[3] For the reasons stated below, the Motion is GRANTED.

## BACKGROUND

Thompson is a resident of Providence City, Utah, where he claims to own land central to this dispute (the Subject Property).[4] In 2006, the Providence City Council considered building a road through the Subject Property.[5] Two years later, Thompson conveyed a quitclaim deed of the Subject Property to Providence City, but the deed included a restriction prohibiting Providence

---

[1] Dkt. 2, Ex. 1 (Amended Complaint).

[2] Dkt. 2 at 2.

[3] Dkt. 9.

[4] Dkt. 2, Ex. 1 (Amended Complaint) ¶¶ 6, 9–10, 14–15.

[5] *Id.* ¶11.

1

City from using the Subject Property for road access.[6]  Providence City offered to purchase Thompson's claimed interest in the Subject Property's deed restriction, but the parties were unable to reach an agreement.[7]

To obtain the right to build a road through the Subject Property, Providence City initiated this eminent domain action in the First Judicial District Court for Cache County, Utah.[8] Providence City brought two claims against Thompson: Condemnation, and Quiet Title.[9] Through the Condemnation claim, Providence City aims to "pay the just compensation due" in exchange for "all claimed interests in the Subject Property and removal of the road-access deed restriction."[10]  Through the Quiet Title claim, Providence City asks the court to determine the actual owner of the Subject Property.[11]

On June 21, 2019, Providence City served Thompson with a copy of the Original Complaint.[12]  On July 15, 2019, Thompson's attorney accepted service of Providence City's Amended Complaint.[13]  Thompson did not file a timely Answer to Providence City's Amended Complaint.[14]  Instead, Thompson filed a Notice of Removal on August 8, 2019.[15]

---

[6] *Id.* ¶ 14.

[7] *Id.* ¶¶ 25–39.

[8] *See id.*; Dkt. 2 at 1–2.

[9] Dkt. 2, Ex. 1 (Amended Complaint) ¶¶ 19–52.

[10] *Id.* at 9.

[11] *Id.*  In relevant part, Providence City alleges "Thompson's claimed interest in the Subject Property is based upon an unperfected and consequently invalid claim of adverse possession." *Id.* ¶ 45.  Providence City further alleges "[a] November 2017 Title Search report on the Subject Property indicates that George D. Hoggan is the fee simple owner of Thompson's claimed interest in the Subject Property." *Id.* ¶ 46.

[12] Dkt. 9 ¶¶ 1, 6; Dkt. 16 ¶¶ 1, 3.

[13] Dkt. 9 ¶¶ 13–15; Dkt. 16 ¶ 7.  Thompson's attorney accepted service under the condition that "the time to respond to the Amended Complaint start the clock over with the new summons and the acceptance of service[.]" Dkt. 9, Ex. C.

[14] Dkt. 9 ¶ 16; Dkt. 16 ¶¶ 7–9.

[15] Dkt. 2.

Providence City now moves to remand on the grounds that Thompson's removal was untimely, and this court lacks subject-matter jurisdiction.[16] The court begins its analysis with Providence City's jurisdictional challenge.[17] Because the court determines it lacks subject-matter jurisdiction, the court does not reach Providence City's argument that Thompson's removal was untimely.

## LEGAL STANDARD

"The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence."[18] Under 28 U.S.C. 1441(a), a defendant may invoke federal jurisdiction by removing "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."[19] District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[20] A district court's original jurisdiction is determined by the well-pleaded complaint rule.[21]

---

[16] Dkt. 9 at 1–2.

[17] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (explaining that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits."); *see also United States v. Green*, 886 F.3d 1300, 1304 (10th Cir. 2018) ("courts have an ongoing obligation to determine whether adjudicating a particular case is within their subject-matter jurisdiction[.]").

[18] *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)).

[19] 28 U.S.C. § 1441(a).

[20] 28 U.S.C. § 1331.

[21] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 11 n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.") (citation omitted); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule") (quotation and citation omitted).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[22] "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[23] Accordingly, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced;"[24] district courts do not have jurisdiction over defendants' federal defenses,[25] and they do not have jurisdiction over counterclaims.[26] Under 28 U.S.C. § 1447(c), this court "must remand a removed action back to state court if at any time before final judgment it appears that the [] court lacks subject matter jurisdiction."[27]

---

[22] *Caterpillar Inc.*, 482 U.S. at 392 (citation omitted); *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) ("Under the well-pleaded complaint rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law.") (quotations and citations omitted).

[23] *Caterpillar Inc.*, 482 U.S. at 392; *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) ("Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction.") (citation omitted). *But see Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (explaining "that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law"); *Caterpillar Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.") (citing *Franchise Tax Bd.*, 463 U.S. 1, 24); *Devon Energy*, 693 F.3d 1195, 1204–05 (explaining "the Supreme Court has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 . . . , § 502 of the Employee Retirement Income Security Act of 1974 . . . , and actions for usury against national banks under the National Bank Act.") (citations omitted).

[24] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986).

[25] *Id.* at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction.") (citation omitted); *Caterpillar Inc.*, 482 U.S. at 393 ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense") (emphasis in original).

[26] *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for arising under jurisdiction.").

[27] *Salzer*, 762 F.3d 1130, 1134 (citing 28 U.S.C. § 1447(c)); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) ("When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court.") (citation omitted).

## ANALYSIS

In his Notice of Removal, Thompson relies on the Supreme Court's recent decision in *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).[28] In essence, Thompson argues that by removing the state-exhaustion requirement for takings claims, the *Knick* decision permits him to convert Providence City's eminent domain action into his own Fifth Amendment takings claim, and remove that claim to this court.[29] The court disagrees.

The *Knick* decision addresses the Fifth Amendment's Takings Clause.[30] "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'"[31] "[A] government violates the Takings Clause when it takes property without compensation."[32] Before the *Knick* decision, takings plaintiffs were required to "pursue state procedures for obtaining compensation before bringing a federal [takings] suit."[33] The *Knick* decision removed the state-exhaustion requirement for takings claims.[34] In *Knick*, the Supreme Court concluded "a government violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under

---

[28] *See* Dkt. 2 at 2.

[29] *Id.*; *see also* Dkt. 16 at 4 ("Here, by filing the notice of removal, Thompson is exercising his Fifth Amendment rights and submitting to the independent jurisdiction of the federal court to protect his constitutional rights."); *id.* at 5 ("This Court has subject matter jurisdiction when the taking occurs. This effectively makes the taking claim ripe for the first time when the motion for immediate occupancy was served and the taking was imminent.").

[30] *See generally Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167–77 (2019) (discussing Fifth Amendment takings claims).

[31] *Id.* at 2167 (brackets in original); *Lawmaster v. Ward*, 125 F.3d 1341, 1351 (10th Cir. 1997) (quoting U.S. Const. amend. V).

[32] *Knick*, 139 S. Ct. at 2177.

[33] *Id.* at 2173.

[34] *Id.* at 2167 ("We now conclude that the state-litigation requirement imposes an unjustifiable burden on takings plaintiffs, conflicts with the rest of our takings jurisprudence, and must be overruled.").

§ 1983 at that time."³⁵ Accordingly, "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it."³⁶

The Supreme Court explained that *Knick* "will not expose governments to new liability; it will simply allow into federal court takings claims that otherwise would have been brought as inverse condemnation suits in state court."³⁷ *Knick* involved an inverse condemnation claim "against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant."³⁸ *Knick* did not involve a direct condemnation claim, "in which the government initiates proceedings to acquire title under its eminent domain authority."³⁹

Thompson misinterprets the *Knick* decision in a number of ways. First, the *Knick* decision overruled the state-exhaustion requirement,⁴⁰ but it did not convert state eminent domain actions into federal claims.⁴¹ *Knick* opens federal courts to "takings claims that otherwise would have been brought as inverse condemnation suits in state court," but *Knick* does not open federal courts to direct condemnation actions initiated by governments.⁴²

---

³⁵ *Id.* at 2177.

³⁶ *Id.* at 2167; *see id.* at 2170 ("The Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner.").

³⁷ *Id.* at 2179.

³⁸ *See id.* at 2168.

³⁹ *Id.; see United States v. Clarke*, 445 U.S. 253, 255 (1980) (explaining "a condemnation proceeding is commonly understood to be an action *brought by a condemning authority* such as the Government in the exercise of its power of *eminent domain*.") (emphasis added).

⁴⁰ *Knick*, 139 S. Ct. at 2179 (The state-litigation requirement of *Williamson County* is overruled. A property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government.").

⁴¹ *Id.* ("Our holding that uncompensated takings violate the Fifth Amendment will not expose governments to new liability; it will simply allow into federal court takings claims that otherwise would have been brought as *inverse condemnation suits* in state court.") (emphasis added); *id.* at 2168 ("*Inverse condemnation* is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant. Inverse condemnation stands in contrast to *direct condemnation*, in which the government initiates proceedings to acquire title under its *eminent domain* authority.") (quotations and citations omitted) (emphasis added).

⁴² *See supra*, note 41.

Second, *Knick* did not grant defendants in state eminent domain actions the power to remove to federal court.[43] Instead, the *Knick* decision permits "takings plaintiffs" to bring claims in federal court "when the government takes [their] property without just compensation."[44] This conclusion makes it easier for takings plaintiffs to bring their claims in federal court, but it does not alter the rule that "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."[45] Nor does it alter the rule that "a counterclaim . . . cannot serve as the basis for arising under jurisdiction."[46] Here, there is no takings plaintiff; this eminent domain action is a direct condemnation action initiated by Providence City.[47]

This court's jurisdiction is determined by the well-pleaded complaint rule.[48] Under the well-pleaded complaint rule, this court must look to Providence City's Amended Complaint to determine whether there is subject-matter jurisdiction.[49] Providence City's Amended Complaint includes two Utah state-law claims and no federal claims.[50] Thompson does not argue that Providence City's state-law claims "turn on substantial questions of federal law,"[51] nor does

---

[43] *See supra,* note 41.

[44] *Knick*, 139 S. Ct. at 2167–68.

[45] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.") (citation omitted).

[46] *Holmes Grp.*, 535 U.S. 826, 831.

[47] *See* Dkt. 2, Ex. 1 (Amended Complaint).

[48] *Caterpillar Inc.*, 482 U.S. at 392.

[49] *See supra*, note 22.

[50] *See* Dkt. 2, Ex. 1 (Amended Complaint) ¶¶ 19–52.

[51] *Grable*, 545 U.S. 308, 312 (explaining "that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

Thompson argue that they are "completely pre-empted" by federal law.[52] Unlike *Knick*, there is no takings plaintiff in this action. This court lacks subject-matter jurisdiction because Providence City's Amended Complaint does not advance any federal claims.[53]

## CONCLUSION

The court lacks subject-matter jurisdiction over this action. The case is REMANDED to the First Judicial District Court for Cache County, Utah. The Clerk of Court is directed to CLOSE the case.

SO ORDERED this 7th day of October, 2019.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[52] *Caterpillar Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.")

[53] *See* 28 U.S.C. 1331; *Caterpillar Inc.*, 482 U.S. at 392 (explaining "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").